## ALLARD & AL vs. LOBAU.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioners state that they are riparious proprietors along the bank of the Bayou St. John, which is by law a navigable river. That the defendant, who is also an owner of land on the same stream, has erected a hut which obstructs the passage, which by law the public have a right to on the banks of all navigable streams, and that though frequently requested, he has refused to remove it. They conclude by a prayer, that the nuisance may be abated at his costs and charges, and that they may have all other relief to which they are entitled.

The defendant pleads,

Every affidavit for a continuance, should contain a declaration that the evidence is material, that due diligence has been used to procure it; that there is an expectation it will be had, and that the application is not made for delay.

A judgment against a person who sues to abate a nuisance, does not form *res judicata* against another who brings a similar action.

The right conferred on the Navigation Company, to make a road

East'n. District.
*Jan'y.* 1825.

ALLARD & AL.
*vs.*
LORAU.

along the banks
of the bayou
St. Jean, is not
a surrender of
the sovereignty
of the public.

A squatter on
public lands,
has no right to
object to a road
being run
through his
possessions.

Parol evi-
dence cannot
be given of the
contents of a
grant.

The right *of*
the public to
make roads, is
not limited to
the banks of na-
vigable streams.

Possession
cannot be
pleaded
against the
public, unless it
is immemorial

1. That the plaintiffs have no cause of ac-
tion by their own shewing in the petition.

2. That he and those under whom he claims,
have been in possession of the premises for
fifty years.

3. That all the facts and allegations in the
petition are untrue.

The answer concludes with a prayer of dis-
missal, and judgment against the plaintiff for
$500, the amount of damages which the de-
fendant avers he has sustained by the bringing
of this action.

When the case was first presented to the
district court, the judge conceiving he had no
jurisdiction to try the cause, dismissed it.
The plaintiffs appealed, and this court having
reversed that judgment and remanded the
case for further proceedings, it now comes
before us after a trial on the merits, and a
judgment against the defendant. *Vol.* 2,
317.

Before we can reach them, we are met by
several bills of exceptions.

The first is to a refusal of the judge to con-
tinue the cause, in consequence of the absence
of two witnesses, which the defendant alleged
were important to his case. It is very doubtfu

with us whether the facts which the affidavit
states these witnesses could have proved, would have been material to the defendant,
but whether they would or not, the judge did not err, for the affidavit wanted an essential requisite: it disclosed nothing by which the court could learn that if the cause was continued, there was any probability of obtaining the testimony said to be wanted. Every affidavit for a continuance, should contain a declaration that the evidence is material, that due diligence has been used to procure it, that there is an expectation it will be had at the time to which the cause will be continued, and that the application is not made for delay, but in order to obtain justice. *Lafon's exr.* vs. *Gravier & al. Vol.* 1, 245.

The second bill of exceptions was taken to a decision of the judge refusing the record of a suit, in which one of the present plaintiffs sued the defendant. The record of this suit does not come up with that now before us, and we have no means of ascertaining whether the same matters between the same parties and in the same right, were at issue in the former action. But admitting that they were, it could not have formed *res judicata* against the other plain-

East'n. District.
*Jan'y*. 1825.

ALLARD & AL.
*vs.*
LOBAU.

tiffs.    As to them it was *res inter alios acta*.
Were we even to give the defendant the ben-
efit of it now, it is not seen what advantage it
would be conferring on him, for the case would
have to be examined on its merits in relation
to the other plaintiffs, and if the house is re-
moved on their demand, it will be a matter of
no importance, whether Milne was properly
joined with them or not.    He sets up no right
of a superior nature to his co-plaintiffs, and the
insertion of his name in the petition has not in-
creased the costs.

There is a third bill of exceptions, but our
opinion in regard to it will be better understood
after the case is examined on the merits.

The first ground of defence is, that this road
which was laid out in virtue of an ordinance of
the city, is not a public one, as the right of
making it was vested by an act of the legisla-
ture in the navigation company, and no poste-
rior law could affect their privilege.

The act incorporating the navigation com-
pany did confer on that corporation, the right
to make a road along the banks of the bayou St·
Jean, if they had thought proper to do so, and
authorises them to take a toll as soon as the
road is finished, in the manner pointed out in

the act. But there is nothing in the act which made it compulsory on the company to do so. The words of the statute are, "the president and directors *may* lay out and construct from the bridge at the bayou settlement, a high-way or road on each side of the bayou." Such expressions cannot be construed nor understood, as an entire surrender of the sovereignty of the public. If the party on whom it was conferred, had thought proper to accept the proposal, they might have constructed a road, which, like that now made by order of the city council, would have been a public one. But if they did not choose to act on the privilege conferred, the legislature had certainly a right to direct any other mode of constructing it. The acquiescence of the navigation company, in the authority which the corporation has exercised, shews their understanding of the law. But admitting it was otherwise, they alone have the right to complain, and the defendant does not stand here in their rights.

ALLARD & AL.
*vs.*
LOBAU.

The next objection is, that the city council had no right to lay out a road without indemnifying the proprietors. This point brings before us the whole merits of the question at issue. In deciding it however, we do not find it neces-

East'n. District.
*Jan'y.* 1825.

ALLARD & AL.
*vs.*
LOBAU.

sary to examine the extent of the public right to construct a road over soil, which the possessor holds under title, emanating from the sovereign authority. The defendant here has not claimed in the pleadings to hold in this way—nor does the evidence prove it. He presents no title whatever emanating from any of the governments by whom Louisiana has been possessed. He can therefore be regarded in no other light but as possessor at the will of the government. Viewed as such, we are of opinion that he has no right to object to the laying out of a highway in any direction the nation or those to whom it has delegated its power think proper to designate, and that if the edifices which he has erected, obstruct this right, they must be removed.

This opinion, on the facts as they are presented, enables us to express more clearly that which we entertain on the third bill of exceptions. The defendant offered to prove that he had expended much labour and money to consolidate the soil where the cabin was built, that the place where it now stands, formed a part of the sea shore; that the bayou was not formerly a navigable river: that its mouth was anciently inhabited by fishermen alone; and that the *lo-*

*eus in quo* had been granted to the defendant's ancestors, and to other fishermen in order to establish a fishery. The court was of opinion, no parol evidence could be given of the contents of a grant, as there was not even a suggestion the title was lost or destroyed, and that the other proof offered was irrelevant to the issue joined. The correctness of the first position assumed by the court *a quâ,* cannot be questioned, and the soundness of its decision on the second is equally clear. The petition states that the defendant has erected a house on the banks of the bayou St. Jean, which obstructs a highway. The answer asserts that the ground, on which the cabin was built, was at first a swamp, which was very muddy, and that the defendant was at great expense in filling it up. The evidence, offered to prove the place was originally the shore of the sea, and that as such, the appellant had a right to erect a house there, was setting up a right or title totally different from that alleged in the answer. The court, therefore, did right to reject it. Proving that this place was originally a swamp, and that the defendant had filled it up, could not have altered the case for he could not, by his own act, alter or impair' the public right on the soil—nor would it in our

Eas'n. District.
*Jan'y.* 1825.

ALLARD & AL.
*vs.*
LOBAU.

opinion, in the least have benefitted him, had he shewn the bayou St. Jean was not originally a navigable river. As the right of the public to make roads is not limited to land lying on streams of that description.

The title which the defendant sets up by prescription remains to be noticed, and in our opinion it presents no obstacle to the present action. Possession cannot be pleaded against a public right, unless it has been immemorial. *Novissima recop. lib.* 11, *tit.* 8, *ley* 4.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs, &c.

*De Armas* for the plaintiff, *Morel* for the defendant.